UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTNEY JOULE,

        Plaintiff,

v.                              Case No. 8:11-cv-216-T-33EAJ

GENERAL INSURANCE COMPANY OF
AMERICA and AMERICAN STATES
INSURANCE COMPANY,

        Defendants.
_____/

## **ORDER**

This cause is before the Court pursuant to Plaintiff's Motion to Dismiss Justin C. Johnson & Associates, P.A.'s Quantum Meruit and Charging Liens for Lack of Jurisdiction (Doc. # 47), which was filed on October 19, 2011. Justin C. Johnson & Associates, P.A. (hereafter, "the P.A.") filed a Response in Opposition to the Motion on October 25, 2011. (Doc. # 50). For the reasons that follow, the Court denies the Motion.

## **I.**  **Background**

Joule, the victim of sexual molestation at a dance studio, received a $950,000.00 state court settlement and then, through an assignment, received the dance studio's bad faith insurance cause of action against the Defendant insurance companies. (Doc. # 25 at ¶¶ 8, 19, 26). Joule initiated a bad faith insurance case against the Defendant

insurance companies in state court on November 1, 2010, and Defendant insurance companies removed the action to this Court on January 18, 2011. (Doc. ## 1, 2).[1] On July 7, 2011, Justin C. Johnson filed a Notice of Quantum Meruit Lien (Doc. # 15) and a Notice of Formal Charging Lien (Doc. # 16). Joule filed an amended complaint on August 31, 2011, (Doc. # 25), and the case settled on September 14, 2011. (Doc. # 29).

On September 20, 2011, the P.A. filed a Motion to Prevent Disbursement of Settlement Proceeds. (Doc. # 30). Therein, the P.A. contended: "Joule retained undersigned counsel . . . on November 11, 2005 to prosecute her personal injury claims. [The P.A.] expended costs preparing [Plaintiff's] case for trial in state court. On August 20, 2010, former employees and current counsel for [Plaintiff] improperly solicited [Plaintiff] to switch representation to their law firm." (Doc. # 30 at 1-2). Joule selected Emerson Straw as her counsel and discharged the P.A. on or about August 23, 2010. Id.

The P.A. essentially contends that it is entitled to a

---

[1] At the time of removal, the Court had diversity jurisdiction because Joule and the Defendant insurance companies are citizens of different states, and the amount in controversy exceeds $75,000.00. Diversity jurisdiction no longer exists because the Defendant insurance companies have been dismissed from this case. The P.A., Emerson Straw, and Plaintiff are all citizens of Florida.

2

portion of the settlement proceeds and seeks an Order from this Court determining whether the P.A. has perfected its charging lien, and if so, the amount of said lien. Emerson Straw disputes the P.A.'s entitlement to any portion of the settlement proceeds.

This Court has entered several Orders thus far concerning the current fee dispute. The Court authorized Defendant insurance companies to disburse settlement proceeds to Emerson Straw (Doc. # 40); the Court has directed the attorneys in this fee dispute to meet and confer regarding the settlement proceeds and discovery matters (Doc. # 41); and the Court has directed payment of certain settlement proceeds to Plaintiff Joule, among other matters. (Doc. # 44). At this juncture, Emerson Straw seeks an Order dismissing the present fee dispute for lack of subject matter jurisdiction.

## II. **Analysis**

Emerson Straw argues that "[t]his Court does not have jurisdiction over the P.A.'s liens because the P.A.'s services were exclusively provided in the state Court before accrual of the instant Federal Court case." (Doc. # 47 at 2). The P.A. correctly counters that the Court's jurisdiction is predicated upon supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367: "[I]n any civil action of which the district courts have

3

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." See also Montpellier Farm, Ltd. v. Crane Environmental, Inc., No. 07-22815-CIV, 2009 WL 722238, at * 2-3 (S.D. Fla. Mar. 18, 2009)("one well recognized application of this narrow doctrine [of supplemental jurisdiction] is the resolution of disputes between a party to a federal lawsuit and that party's attorneys over the proper amount of fees due the attorneys for work performed in the lawsuit.") (citing Zaklama v. Mt. Sinani Med. Ctr., 906 F.2d 650 (11th Cir. 1990)).

As in Montpellier, the fact that the P.A. did not formally represent Plaintiff Joule in the present bad faith case does not preclude the Court from exercising jurisdiction because the P.A. is seeking to impose a charging lien for services rendered in this case (as opposed to services rendered in the prior state court proceedings). 2009 WL 722238, at *4. Finally, as one Florida appellate court has observed, "for a lien to be enforceable, an attorney must prove his or her services resulted in 'tangible fruits.' Whether the attorney's services produced 'tangible fruits' is

4

an issue of proof, but is not an issue of subject matter jurisdiction." <u>Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A. v. Chernak</u>, 991 So.2d 875, 879 (Fla. 4th DCA 2008). So, too, in this case, the Court has jurisdiction to make a determination as to whether the P.A. can prove that its services produced "tangible fruits" for Plaintiff Joule.[2]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Dismiss Justin C. Johnson & Associates, P.A.'s Quantum Meruit and Charging Liens for Lack of Jurisdiction (Doc. # 47) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of October, 2011.

<i>/s/ Virginia M. Hernandez Covington</i><br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

[2] In this regard, the Court finds particularly relevant the P.A.'s assertion that "the bad faith action and the underlying actions are inextricably intertwined. . . . [A]ccording to Plaintiff's primary counsel of record in the instant bad faith case [Robert J. Mayes, Esq.], all of the documents relied upon to prove that Defendants breached their contractual duty to defend Carty [dance studio] were created by the P.A. during its representation of Plaintiff." (Doc. # 50 at 7-8). Mayes's affidavit is consistent with the P.A.'s argument. (Doc. # 48-1).

5